Jasen, J. (dissenting).
The sole issue on this appeal is whether the trial court erred in denying defendant’s motion to vacate his plea of guilty to a lesser included crime.
On December 2, 1967, the eve of trial upon the charge of murder in the second degree, defendant informed the court that his court-assigned attorney (Mrs. Dorothy Cropper) had “ deliberately prejudged ” him, and requested other representation.
The court denied the request on the grounds that no evidentiary facts were submitted by defendant to establish any prejudice to him by assigned counsel and that this was the third lawyer representing the defendant in this matter.
The court then advised him to discuss the case further with his present counsel and adjourned the trial until December 5, 1966.
On December 7, after a jury had been impaneled and the District Attorney completed his opening remarks to the jury, the defendant offered to plead guilty to the lesser included crime of attempted manslaughter in the second degree.
Before accepting the defendant’s plea, the court conducted the following inquiry:
“The Clerk: * * * Counsel, have you any application to the Court?
“ Mrs. Cropper [Defense Counsel]: Yes. Your Honor, I have conferred with the defendant, who indicated to me that he wishes at this time to withdraw his plea of not guilty heretofore interposed, and he wishes to plead guilty to the crime, the felony, of attempted manslaughter in the second degree, to cover the indictment.
“Mr. Keenan [District Attorney]: The People respectfully recommend the acceptance of that plea to the Court.
“The Court: Leon Kennedy, did you just hear your lawyer make a statement to me to the effect that you are now withdraw *285 ing your plea of not guilty, which you heretofore entered in this case? Did you hear her say that?
“ The Defendant: Yes, sir.
" The Court: And do you now withdraw your plea of not guilty?
“ The Defendant: Yes, sir.
“ The Court: And did you also hear your lawyer make a statement to me that in your behalf a plea of guilty is being entered to the crime of the attempt to commit the crime of manslaughter in the second degree, a felony, to cover the indictment, the entire indictment? Did you hear her make that statement?
“ The Defendant: Yes, sir.
‘ ‘ The Court : And do you now plead guilty to the crime of the attempt to commit the crime of manslaughter in the second degree, a felony, under the one and only count of the indictment, to cover the entire indictment? Is that your plea?
“ The Defendant: Yes, sir.
“ The Court: And do you plead guilty—and is this plea of guilty being made of your own free will? Are you making it voluntarily?
“ The Defendant: Under the circumstances.
“ The Court: Well, do you understand—I don’t care what the circumstances are, except that you are making it of your own free will.
“ The Defendant : Yes.
‘ ‘ The Court : And do you plead guilty to the facts that heretofore on April 19, 1966 in the County of New York, that you did without intending to effect the death of one James Mason— in other words, you didn’t intend to kill the said James Mason—that in the heat of passion, you did cause the death of the said James Mason? Do you plead guilty to those facts? Do you understand what I said?
“ The Defendant: Yes.
“ The Court: All right.
‘ ‘ In view of the recommendation of the District Attorney and the facts as submitted to the Court, the Court will accept the plea of guilty on the part of the defendant to the crime of the attempt to commit the crime of manslaughter in the second degree, a felony, under the one and only count of the indictment, to cover the indictment.
*286 “ The Clerk : Leon Kennedy, you are hereby informed that if you have previously been convicted of any crime or offense, that fact may be established, and if you plead guilty or are convicted under this indictment, you may be subject to additional or different punishment expressly authorized or prescribed by reason of such prior conviction. Do you understand that?
“ Counsel, will you kindly advise your client?
“ (Mrs. Cropper confers with the defendant off the record.)
“ The Court: Does the record show any prior felony?
“Mr. Keenan: No, your Honor, there are no prior felony convictions.
“ The Court: Miss Cropper, in view of the fact that the District Attorney has just stated that the record does not show any prior felony —
“ Mrs. Cropper: I just explained it to him.
“ The Court: — that he understands he would not be subject to additional punishment, because there is no record of any prior felony conviction.
“ The Clerk: And do you understand what you were told?
“ The Defendant : Yes.
“The Clerk: Now, Leon Kennedy, do you withdraw your plea of not guilty heretofore interposed by you, and do you now plead guilty to the crime of an attempt to commit the crime of manslaughter in the second degree, said plea under the only county [sic] of the indictment, to cover the indictment? Is that your plea of guilty?
“ The Defendant: Yes.”
The case was then adjourned for sentencing. On January 16, 1967, the Trial Judge announced that he was in receipt of a pro se application from the defendant in which he asked to withdraw his previously entered guilty plea, asserting that he was “ innocent of the crime in question.”
The defendant reiterated his claim of innocence before the court, adding that he had already given his attorney, Mrs. Cropper, facts which established his alibi for the time of the homicide. It should be noted that his alibi was controverted by the District Attorney at this time. The defendant also asserted that he did not understand that he had been pleading guilty on December 7; and he went on to say that “ As I went into the law *287 books I have found my rights have been violated badly and Miss Cropper is part of the cause ”.
The court then adjourned the case to February 8, stating ‘ ‘ I am going to give a reasonable time, and I am going to adjourn this proceeding so that you might confer -with your attorney further, to give these facts to Miss Cropper * * * to follow up on them ”.
On the adjourned date, in response to the court’s inquiry, Mrs. Cropper stated that the information which the defendant had given her with respect to his alibi has been investigated by her and “ checked out ” by the investigatorial staff of the Legal Aid Society.
Thereupon, the court denied the defendant’s motion to withdraw the guilty plea “ In view of the statement of counsel and the facts as they were before the Court on January 16th ”.
The argument on appeal is that the plea interposed was not a valid plea of guilty since the court never interrogated the defendant as to what he meant by his answer, “ Under the circumstances ” to the court’s question, “ Is this plea of guilty being made of your own free will? ”
Indeed, the Trial Judge did not inquire as to what the defendant meant by that answer, but he did promptly and clearly ask the defendant if he was “ making [the plea] of [his] own free will ”, to which the defendant answered without qualification, “ Yes.” The court then went on to explain the meaning of a plea of guilty, supra.
There is, therefore, no basis for assuming that defendant was unaware of what he was doing at the time he offered to plead to a lesser included crime.
As to defendant’s pro se application to withdraw his guilty plea, the record discloses that the court accorded the defendant a hearing. At the conclusion of the hearing, it seems abundantly clear that the defendant’s alibi claim was without merit, and the plea had been properly taken.
It is also evident from the record that the defendant was not deprived of the effective assistance of counsel. The factual situation here is distinguishable from our holding in People v. Rozzell (20 N Y 2d 712). In that ease, defendant’s counsel, because he did not join in defendant’s motion to withdraw *288 his plea of guilty, was considered to have looked unfavorably upon it. Thereafter, at the hearing, the court called defendant’s counsel as a witness, and made inquiry as to conversations between counsel and defendant relating to defendant’s guilt. It appears to be this type of inquiry—affecting the attorney-client privilege—which led us to find a conflict of interest. It should be noted that the purpose of such a hearing was to inquire into the physical and mental condition of the defendant when the plea was taken. (People v. Wilson, 15 N Y 2d 634.)
In the case at bar, the court did not call defendant’s counsel as a witness. It would seem from the excerpts reproduced above that the court merely wanted to insure that defendant had the full benefit of legal representation on his allegations.
While it is true that counsel’s failure to state to the court that any evidence had been secured supporting defendant’s alibi is a tacit admission that the investigations revealed nothing favorable to defendant, there is nothing in this record (other than defendant’s general expressions of dissatisfaction) to support his contention that he was deprived of the effective assistance of counsel at any stage of his case.
For the reasons stated, I would affirm the judgment of the Appellate Division.
Opinion by Chief Judge Fuld. All concur, Judge Breitel in result in an opinion in which Judge Keating concurs, except Judge Jasen who dissents and votes to affirm in a separate opinion in which Judge Scileppi concurs.
Judgment reversed and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.